## THOMAS GREEN, Jr. *versus* JAMES DOUGHTY & JOB H. BAILEY, Trustee.

The vendee of certain real and personal estate, purchased under circumstances showing the transaction fraudulent as to creditors, gave notes for neat stock, for the amount of the purchase, and at the request of the vendor made them payable to a third person, or order, it being understood that the vendor was to receive the stock when the notes became due.—Having been summoned as trustee of the vendor, the vendee disclosed these circumstances, and the notes being then overdue and unpaid, the court directed a rule

to be served upon the nominal payee, to show cause why the vendee should not be charged as the trustee of the vendor. The payee, upon the service of the rule, gave a certificate in writing, that he had and claimed nothing in the notes. Held that the vendee, under these circumstances, was liable as trustee of the vendor.

FOREIGN ATTACHMENT. From the disclosure of the trustee in this case, it appeared that in October, 1828, he purchased of James Doughty, the principal debtor, a farm in Randolph, and some personal property, for the sum of two hundred dollars, and gave him several notes for neat stock, to be delivered at different periods, the last falling due in 1832 ; which notes at the request of said James were made payable to Jonas S. Doughty, or order, at a place in Gilead, in the State of Maine.

At the time said James proposed and closed this transfer to the trustee, he said he was owing some debts that he never meant to pay, and some that he would pay when he was ready, and the notes were made payable to Jonas S. Doughty, who was said to be a brother of James, living in Maine, in order that the stock might be protected from attachment and trustee process.

The trustee farther disclosed, on his first examination, that he knew no such person as Jonas S. Doughty—that said James took the notes, and said he wished the trustee to inform him when he was ready to deliver the stock, and that others who might attach it should not have knowledge, and that he, said James, or some one for him, would appear at the place in Maine, and receive it. He farther said that he was not owing said Jonas S. Doughty, but that the trustee might say that he was.

At a subsequent term, the trustee farther disclosed, that he had called upon a person in Portland, said to be Jonas S. Doughty, and asked him if he owned said notes, and he said he did, but declined producing them—that he also saw said James, at Portland, and requested an adjustment with him, which he refused at that time, but said he would soon come up and settle the business.

Upon this disclosure being submitted, the court, at July term, 1833, ordered the plaintiff to give notice of the pendency of the suit, and of the filing of said disclosure, to the said Jonas S. Doughty, and that he might appear at the next term to show cause, if any he had, why judgment should not be rendered against the trustee.

Said Jonas S. Doughty, by a memorandum in writing, acknowledged due service of the rule upon him, and certified that he had no interest or claim in the notes described in the disclosure.

*Williams,* for the plaintiff.

*Pearson,* for the trustee.

*By the Court.* PARKER J. There can be no doubt that James Doughty, in this transaction intended a palpable fraud upon his creditors, but we are not now called upon to hold the transfer void, as we might have done on such evidence had his creditors elected to treat the conveyance as fraudulent, and attach the property. No one appears to have taken that course, but the plaintiff in this case claims to charge the trustee, upon the ground that he is in fact indebted to James Doughty for the amount of the stock specified in the notes and agreed to be delivered as the consideration of the purchase.

The trustee cannot object that he is not legally liable for the payment of the amount of these notes. As between him and James Doughty the conveyance was valid, and upon a sufficient consideration. Neither can set up as a defence against the other, in any action founded upon this sale, that a fraud upon third persons might result from the transfer; and there is no suggestion that the trustee has ever paid, or been ready to deliver the stock at the times specified in the contract.

Had the notes been made payable to James Doughty there could be no doubt.

The question then is whether the law is to be evaded

by the mode adopted of making the notes payable, nominally, to a third person.

Had they been passed into the hands of Jonas S. Doughty, upon some subsequent transaction between him and James, for a valuable consideration, without notice of the real transaction, but upon a representation that they were taken payable to him in contemplation of some contract to be made with him, by James, upon which he would receive them, we might perhaps hold that the trustee was, as between them, equitably the debtor of Jonas S. Doughty, and that the creditors must resort for their remedy, if any remained, to an attachment of the property transferred. But instead of this all the circumstances show that nothing of this kind has been done, or was intended, and we have the explicit declaration of Jonas, that he has no interest, and claims none, in the notes in question.

There is no reason to suppose that any person except James Doughty has the possession of them. They are all overdue, but no one has attempted to enforce payment.

No person can have an interest in them as assignee, which a court of justice should protect, and the trustee therefore cannot be subjected to pay them hereafter.— They are made payable to Jonas S. Doughty, or order, but it seems never came to his hands, and he disclaims all interest in them. Upon the possible supposition that any one has heretofore taken them by assignment from James, no notice has been given of such assignment, and besides, such person must have received them relying upon the responsibility of James Doughty, as there could be nothing upon the notes themselves to indicate that he had any interest in them, or any authority to assign them. Should any one hereafter take them, by an assignment from Jonas S. Doughty, he could make no equitable claim upon them because they are not in law negotiable, and, moreover, having been long overdue, they carry ev-

Green.
v.
Doughty et a.

idence of dishonor upon their face, and any one who should take them under these circumstances must be held chargeable with notice of all facts.

Justice requires that the fraud contemplated by the vendor should be defeated, and, under the circumstances as they now appear, we see no necessity of turning the plaintiff round to an attachment of the property in another action.

*Trustee charged.*